IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARTHUR LEE STEWART, | § | |
| TDCJ No. 1440946, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-11-CV-135-FM |
| | § | |
| RICK THALER,[1] Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Arthur Lee Stewart ("Stewart"), a *pro se* state prisoner confined at the Ellis

Unit in Huntsville, Texas, challenges Respondent Rick Thaler's ("Thaler") custody of him based

on a conviction and sixty-year sentence for aggravated robbery.[2] In a petition for a writ of habeas

corpus under 28 U.S.C. § 2254 [ECF No. 1], Stewart alleges the prosecutor refused to produce

exculpatory materials, the trial court denied him his due process rights, and his trial counsel

provided ineffective assistance. In his motion to dismiss [ECF No. 7], Thaler asserts Stewart's

petition is time-barred. In his reply [ECF No. 8], Stewart expresses his belief that the limitations

period should run from the date the Texas Court of Criminal Appeals ("CCA") denied his state

writ of habeas corpus application, and that his instant petition is timely. After reviewing the

---

[1] Although Stewart named Brad Livingston as the Respondent in this matter, the rules governing § 2254 cases provide that "[i]f the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody." 28 U.S.C.A. § 2254 PROC. R. 2(a) (West 2011). Rick Thaler, as the Director of the Correctional Institutions Division for the Texas Department of Criminal Justice, currently exercises custody over Stewart.

[2] *State v. Stewart*, Cause No. 20060D02335 (120th Dist. Ct., El Paso County, Tex. 2007), *aff'd as modified*, No 08-07-100140-CR, 2008 WL 4173806 (Tex. App.–El Paso 2008, pet. ref'd).

petition, motion, and state-court record, the Court concludes Stewart's claims are barred by the statute of limitations contained in 28 U.S.C. § 2244(d). The Court will accordingly grant Thaler's motion and dismiss Stewart's petition. The Court will additionally deny Stewart a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY[3]

On April 23, 2006, Stewart drove to a bar on the west side of El Paso, Texas, with Tessa McLane ("McLane"). They planned for McLane to enter the bar and lure a patron outside where they would rob him. McLane went inside the bar while Stewart hid in the back seat of the vehicle. McLane convinced a bar patron to accompany her to a store. When McLane drove the victim to a parking lot, Stewart showed himself, pointed a gun at the victim's temple, and told the victim to empty his pockets. After Stewart hit the victim in the head with the gun, Stewart and McLane took his cell phone, identification, keys, twenty-one dollars, and a hat. The victim then got out of the car, and Stewart and McLane drove off.

After hearing this evidence, an El Paso jury found Stewart guilty of aggravated robbery. The trial court then dismissed the jury and proceeded to the punishment hearing. During the hearing, Stewart pleaded not true to three enhancement paragraphs in the indictment and the trial court heard evidence of Stewart's prior offenses. At the close of the hearing, the trial court failed to make findings on the enhancement paragraphs, but sentenced Stewart to sixty years' imprisonment. Stewart immediately filed a notice of appeal. The trial court later amended the

---

[3] The Court has drawn the facts in this opinion from the Texas Eighth Court of Appeals' opinion. *See Stewart*, 2008 WL 4173806, at *1–*4.

judgment to find all three enhancement paragraphs true and to reflect that the jury had made a deadly-weapon finding.

In Stewart's sole issue on appeal, he asserted that the trial court erred in amending the judgment—after the original judgment had been rendered and a notice of appeal had been filed—to include findings of true to the enhancement paragraphs and that Stewart had used a deadly weapon. The State conceded that the trial court lacked jurisdiction to add a finding of true to the enhancements. The State maintained, however, that it was proper for the trial court to include a finding concerning the use of a deadly weapon in the amended judgment. The Texas Eighth Court of Appeals agreed. Accordingly, the intermediate appellate court modified the judgment to delete any finding of true to the enhancement paragraphs, and, as modified, affirmed the trial court's amended judgment. The CCA refused Stewart's petition for discretionary review on April 29, 2009.

Stewart filed an application for a state writ of habeas corpus challenging his conviction on April 22, 2010. The CCA denied the writ without written order on June 2, 2010. This proceeding followed on April 5, 2011, the day on which Stewart signed and presumably placed his petition in the prison's mail system.[4]

In his petition, Stewart raises four grounds for relief. In his first ground for relief, he contends that the trial court did not protect his due process rights. In his first three grounds for relief, he makes various claims that the prosecutor failed to produce exculpatory evidence. In his

---

[4] *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998) (explaining a *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court).

final ground for relief, he asserts that his trial counsel provided constitutionally ineffective

assistance.

## APPLICABLE LAW

"[C]ollateral review is different from direct review,"[5] and the writ of habeas corpus is "an

extraordinary remedy"[6] reserved for those petitioners whom "society has grievously wronged."[7]

It "is designed to guard against extreme malfunctions in the state criminal justice system."[8]

Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly

narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court

convictions."[9] They must generally defer to state court decisions on the merits[10] and on

procedural grounds.[11] They may not grant relief to correct errors of state constitutional, statutory,

or procedural law, unless a federal issue is also present.[12] Thus, a federal court should deny a

claim decided by a state court on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme

---

[5] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[6] *Id.*

[7] *Id.* at 634.

[8] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[9] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[10] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[11] *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[12] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[13]

Moreover, § 2254 petitions are subject to a one year statute of limitations.[14] The

limitations period runs from the latest of four different events: (1) when "the judgment became

final," (2) when "the impediment to filing an application created by State action . . . is removed,"

(3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and

made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of

the claim or claims presented could have been discovered through the exercise of due

diligence."[15]

A properly filed state collateral attack tolls the limitation period.[16] Additionally, the

limitations period is not jurisdictional and is subject to equitable tolling.[17] Equitable tolling is

not, however, available for "'garden variety claims of excusable neglect.'"[18] It is justified only

---

[13] 28 U.S.C.A. § 2254(d) (West 2011).

[14] *See* 28 U.S.C.A. § 2244(d)(1) (West 2011) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[15] *Id.* §§ 2244(d)(1)(A)-(D).

[16] *See Id.* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

[17] *See Holland v. Florida*, -- U.S. -- , -- ,130 S. Ct. 2549, 2560 (U.S. 2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[18] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

"in rare and exceptional circumstances."[19] Such circumstances include situations in which a

petitioner is actively misled by the respondent "'or is prevented in some extraordinary way from

asserting his rights.'"[20] Additionally, "'[e]quity is not intended for those who sleep on their

rights.'"[21] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff

is unable to discover essential information bearing on the existence of his claim.'"[22] Moreover, a

petitioner has the burden of proving that he is entitled to equitable tolling.[23] In order to satisfy

his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[24] Finally, "[t]he

decision to invoke equitable tolling is left to the discretion of the district court" and reviewed

only for an abuse of discretion.[25]

 With these principles in mind, the Court turns to the merits of Stewart's claims.

## ANALYSIS

 As an initial matter, the record does not indicate that any unconstitutional "State action"

prevented Stewart from filing for federal habeas corpus relief prior to the end of the limitation

---

[19] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[20] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[21] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[22] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)).

[23] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[24] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[25] *Cousin*, 310 F.3d at 848.

period.[26] Also, Stewart's claims do not concern a constitutional right recognized by the Supreme Court and made retroactive to cases on collateral review.[27] Moreover, Stewart has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final.[28] Thus, the relevant event for determining the limitations period was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[29]

The CCA refused Stewart's petition for discretionary review on April 29, 2009. Therefore, his conviction became final ninety days later on July 28, 2009, when the time for timely filing a petition for writ of certiorari expired.[30] Accordingly, the one-year limitation period for filing a federal petition expired one year later on July 28, 2010.

"The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation."[31] Thus, Stewart's state writ application tolled the limitations period for forty-two days from April 22, 2010, until June 2, 2010. As a result, the instant petition was due by September 8, 2010. But, it

---

[26] 28 U.S.C.A. § 2244(d)(1)(B).

[27] *Id.* § 2244(d)(1)(C).

[28] *Id.* § 2244(d)(1)(D).

[29] *Id.* § 2244(d)(1)(A).

[30] *See* SUP. CT. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

[31] 28 U.S.C.A. § 2244(d)(2).

was not filed until April 5, 2011, nearly seven months late. Stewart's petition is untimely and must be denied unless equitable tolling applies.

This case, however, does not warrant equitable tolling. Stewart has not presented facts that would demonstrate the sufficiently rare and exceptional circumstances to justify the application of the equitable tolling doctrine. There is no evidence that the State actively mislead Stewart in any way. Nor is there any evidence that extraordinary circumstances prevented the timely filing of the petition. Stewart waited nearly nine months after his conviction became final to file for state habeas relief. He then waited more than ten months after the CCA denied that writ to file the instant petition. "[E]quity is not intended for those who sleep on their rights."[32] Stewart has failed to meet his burden of showing that he is entitled to equitable tolling of the limitations period.

Accordingly, the Court finds that Stewart's petition is time-barred, that he is not entitled to equitable tolling, and that it need not address the merits of his claims.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[33] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[34] In other

---

[32] *Coleman*, 184 F.3d at 403; *see also Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir.1998) (explaining that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights).

[33] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[34] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[35] Although Stewart has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[36]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[37] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[38] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[39] Here, Stewart is not entitled to a certificate of appealability because reasonable jurists would not find the Court's procedural or substantive rulings debatable.

---

[35] *See* 28 U.S.C.A. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[36] *See* 28 U.S.C.A. 2254 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[37] 28 U.S.C.A. § 2253(c)(2).

[38] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[39] *Id.*

## CONCLUSION AND ORDERS

After carefully reviewing the record, and for the reasons stated above, the Court concludes that Stewart petition is time-barred and he is not entitled to § 2254 relief. Accordingly, the Court will enter the following orders:

1.  The Court **GRANTS** Respondent Rick Thaler's motion to dismiss [ECF No. 7].

2.  The Court **DISMISSES WITH PREJUDICE** Petitioner Arthur Lee Stewart's *pro se* petition for a writ of habeas corpus by a person in State custody pursuant to 28 U.S.C. § 2254 [ECF No. 1].

3.  Further, the Court **DENIES** Petitioner Arthur Lee Stewart a **CERTIFICATE OF APPEALABILITY.**

4.  Finally, the Court **DISMISSES AS MOOT** all pending motions in this cause, if any.

**SO ORDERED.**

**SIGNED** this **30th day of September 2011**.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE